ON plaintiffs’ motion for rehearing
This matter comes before the court on plaintiffs’ motion for rehearing of this court’s order of January 29, 1982, in the above-captioned case. Specifically, plaintiffs assert that this court’s dismissal of Exception No. 27 rested on a mistake of fact. The claimed mistake is that we thought this case, No. 189-C, of which Exception No. 27 is a part, and No. 18-A were part of the same case and were "presented in one original complaint.” On that basis, we gave law of the case effect to No. 18-A and dismissed Exception No. 27. We do not perceive any mistake as claimed by plaintiffs and deny their motion for a rehearing in this matter.
At page 3 of their reply brief to defendant’s motion to dismiss Exception No. 27, plaintiffs state: "[following adoption of the Indian Claims Commission Act of August 13, 1946, all of the Chippewa Bands in Minnesota and Wisconsin, including the Red Lake Band, joined in 1948 as plaintiffs in a single suit against the United States, docketed as No. 18.” (Emphasis supplied.)
Exception No. 27 seeks an accounting of the expenditures of tribal funds due to the Band under the Treaty of October *823 2, 1863, 13 Stat. 667, as modified by the Treaty of April 12, 1864, 13 Stat. 689. Paragraph 97 of No. 18, referred to by us as the original complaint in our order dismissing Exception No. 27, specifically refers to the Treaty of October 2, 1863. At paragraph 98, plaintiffs state: "[t]he consideration promised to be paid by the defendant by Article III [of the October 2d Treaty] was $400,000.00 and in addition thereto certain other benefits to be divided in equal amounts per capita.” In the next paragraph, 99, plaintiffs state: "[t]he plaintiffs do not have sufficient knowledge to allege the portion thereof which may have been paid by defendant, and demand an accounting therefor. ” (Emphasis supplied.)
Finally, in their prayer for relief at paragraph 105, plaintiffs state:
wherefore, plaintiffs collectively and individually, as the case may be, demand judgment against defendant:
First — That defendant be required to account to the plaintiffs, where such accounting is necessary, for all property and the moneys belonging to the plaintiffs which have come into the hands of the defendant or under its control.
It is quite clear to us that No. 18 stated both a general accounting claim and a specific accounting claim directed at the October 2nd Treaty. Since the complaint in No. 18 stated both a general accounting claim and a specific accounting claim as to the 1863 Treaty on behalf of the Red Lake Band, our conclusion that the claims raised and decided in No. 18-A (which arose from No. 18) were part of the same general case as is the general accounting action in No. 189-C as plaintiffs claim, is not mistaken.
Our reluctance to give res judicata effect to No. 18-A, in our January 29, 1982 order, was premised on our view that No. 18-A and No. 189-C both arose out of No. 18, the original complaint. Because of the Commission’s procedure of splitting off land claims from accounting claims for quicker resolution, we did not bar, on res judicata grounds (see our order of January 29, 1982), general accounting claims when a land claim reached final judgment, as No. 18-A did. If we are to accept plaintiffs’ present position, that No. 189-C did not arise out of No. 18, then the basis for *824 our reluctance to apply res judicata disappears and the collateral estoppel branch of res judicata will bar plaintiffs’ general accounting action as it pertains to the October 2nd Treaty.
In sum, our order herein challenged by plaintiffs on this motion for rehearing, is correct whether one applies the doctrine of law of the case or the doctrine of collateral estoppel (issue preclusion). If the matters are considered all part of the same general case or transaction, law of the case applies. If, on the other hand, the cases are considered separate and therefore not subject to the law of the case, then they are directly subject to collateral estoppel. As our order points out, all the issues raised by Exception No. 27 were actually and necessarily determined in the earlier Commission proceedings and in our earlier opinion.
it is therefore ordered that plaintiffs’ motion for rehearing of the decision issued in our order of January 29, 1982, is denied.